UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL HADLEY,

    Petitioner,

v.                                         Case No. 2:04-cv-83
                                                 HON. RICHARD ALAN ENSLEN

FABIAN LAVIGNE,

    Respondent.

_____/

### REPORT AND RECOMMENDATION

Petitioner Michael Hadley filed this petition for writ of habeas corpus challenging the validity of his state court convictions for first degree felony murder, armed robbery and possession of a firearm. Petitioner was convicted by a jury and on September 29, 2000, was sentenced to life in prison for murder, 10 to 20 years for robbery, and two years for possession of a firearm.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following issues in his petition:

> I. Petitioner's pre-trial identification violated his right to due process, and any subsequent in-court identification was tainted as a fruit of the poisonous tree.
>
> II. Trial counsel was ineffective for failing to move to suppress the officers' in-court identification.
>
> III. The state trial court's refusal to grant appointed counsel's motion to withdraw and petitioner's motion for new court appointed counsel, containing several valid reasons for substitution, deprived petitioner of his constitutional right to counsel, especially where the substitution would not have caused substantial prejudice.
>
> IV. Denial of fair trial by the intentional prosecutorial misconduct in eliciting the testimony of detective Edwards of a partial and editorialized and opinionated version of an 'informal' statement taken from defendant four hours prior to his 'formal' statement, that impeached his truthfulness and veracity and usurped the fact finding responsibility of the jury.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of

the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that police officers Bush and Archambeau observed four males running toward a vehicle after the officers heard shots fired.  A vehicular pursuit ensued with the four suspects leaving their vehicle on foot.  The officers discovered inside the car photographs of petitioner which also depicted a set of keys which fit the ignition of the vehicle.  The officers also observed petitioner the next day in the police interrogation room.  At trial the officers both identified petitioner as the driver of the vehicle.  Officer Bush testified that he chased the suspects on foot and observed petitioner during the chase.  Officer Archambeau testified that he saw the face of the driver of the vehicle when the driver fled the vehicle.  Officer Archambeau identified petitioner as the driver of the vehicle.  Petitioner argues that the in-court identification was tainted by the photographs and observations of the officers at the police station.  The Michigan Court of Appeals rejected petitioner's claim because petitioner made no objection at trial and could not establish plain error. The Court explained:

> Defendant argues that his courtroom identifications by Officers Bush and Archambeau were improper because the officers could have recognized him from photographs they found in the suspects' car. Because defendant did not object to the identification testimony at trial, we review this issue for plain error affecting defendant's substantial rights.  *People v. Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).
>
> Defendant relies on *People v. Kachar*, 400 Mich 78, 252 NW2d 807 (1977), and *People v. Gray*, 457 Mich 107; 577 NW2d 92 (1998), in support of his argument.  In *Gray*, our Supreme Court held that a

> witness who has been exposed to an unduly suggestive identification procedure may not make a courtroom identification of the defendant unless the prosecution can establish an independent basis for the identification. *Gray, supra* at 114-115. The Court set forth eight factors, adopted from *Kachar*, that a court should consider in determining whether a witness has a sufficient independent basis for an identification. *Id*. at 116, quoting *Kachar, supra* at 95-96.
>
> Here, there was no "unduly suggestive identification procedure." *Gray* and its progeny involve situations where a witness was asked to identify an individual under circumstances where the person's identify was improperly suggested by the police identification procedure. The instant case did not involve a police identification procedure. Further, there was no "suggestion" that the photographs the officers found in the suspects' car depicted the perpetrator. Instead, both officers testified that they independently recognized that the person in the photograph was the person they saw driving the car and then run away. Consequently, there was no basis to suppress their courtroom identifications of defendant.

Respondent argues that petitioner cannot overcome his procedural default of this issue.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*,

264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002).  A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)).  This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Further, even though the court of appeals applied a limited review of the claimed error to determine whether it affected the outcome, petitioner's failure to object is still considered a procedural default. *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989); *accord Federico v. Yukins*, No. 93-2424, 1994 WL 601408, at *3-*4 (6th Cir. Nov. 2, 1994), *cert. denied*, 514 U.S. 1038 (1995). The Michigan Court of Appeals relied upon *People v. McCray*, 245 Mich App 631, 638; 630 NW2d 633 (2001), because petitioner failed to object to the identification issue at trial. The court reviewed the issue for plain error.  Accordingly, the court relied upon petitioner's procedural default. Petitioner has asserted that his counsel was ineffective for failing to object to the testimony regarding identification.  However, the testimony of the officers regarding the identification of petitioner was not admitted in error.  Both officers identified petitioner and stated that they observed petitioner's face at the time they first attempted to apprehend him as a suspect.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). There was no basis to object to the identification testimony of the officers. There was no formal line-up. Both officers testified that they observed petitioner during their pursuit of petitioner and the other three suspects. The testimony was admissible and did not violate

petitioner's constitutional rights. Petitioner's counsel was not ineffective for failing to object to the identification testimony of the officers.

Petitioner argues that the court erred in failing to appoint him a new attorney on the first day of trial. The Michigan Court of Appeals rejected petitioner's claim explaining:

> Defendant also argues that the trial court erred in denying his motion for substitute counsel and counsel's motion to withdraw. We review these matters for an abuse of discretion. *People v. Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001); *People v. Echavarria*, 233 Mich App 356, 369; 592 NW 2d 737 (1999). In *People v. Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991), this Court stated:
>
>> An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. . . . Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic. [Citations omitted.]
>
> Review of a trial court's decision on a defendant's motion for substitute counsel is closely intertwined with review of a decision on an attorney's motion to withdraw. In *Echavarria, supra* at 369, this Court set forth five factors to consider in reviewing a trial court's decision to deny an attorney's motion to withdraw combined with a defendant's motion for a continuance to obtain another attorney. The factors are:
>
>> (1) whether the defendant is asserting a constitutional right, (2) whether the defendant has a legitimate reason for asserting the right, such as a bona fide dispute with his attorney, (3) whether the defendant was negligent in asserting his right, (4) whether the defendant is merely attempting to delay trial, and (5) whether the defendant demonstrated prejudice resulting from the trial court's decision. [*Id.*]

> Here, defendant has not asserted a constitutional right necessitating substitution of counsel. He also failed to establish a legitimate reason or good cause for substitution of counsel. He merely expressed dissatisfaction that counsel did not visit him in the months preceding trial. Although he complains generally that this deprived him of an opportunity to participate in planning his defense, he does not state what contributions he could have made. He also argues that defense counsel did not file "important pretrial motions," to wit: a motion to suppress the officers' courtroom identification testimony, and a motion to exclude Officer Edwards' testimony about defendant's custodial statement. As discussed elsewhere in this opinion, neither of these motions would have aided defendant. Because defendant's dispute with counsel did not entail a bona fide dispute or a legitimate difference of opinion over a fundamental trial tactic, defendant failed to establish good cause for the motion.
>
> Moreover, requesting substitute counsel on the first day of trial would have unreasonably disrupted the judicial process and delayed the trial. It was not an abuse of discretion for the trial court to deny the motions under these circumstances.

"The important right to counsel of choice is not absolute; it must be balanced against the court's authority to control its own docket, and a court must be aware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court." *United States v. Krzyske*, 836 F.2d 1013, 1017 (6th Cir. 1988). Counsel for defendant informed the court on the morning of trial, June 19, 2000, that petitioner did not want counsel to defend him. Counsel's motion to withdraw was denied. Petitioner claimed that defense counsel had not visited petitioner since January 27, 2000. Petitioner had rejected a prosecution offer for a plea agreement that was made that morning. Petitioner apparently was dissatisfied with the notification of the late offer and explained to the court: "You didn't talk to me about nothing. You told my people you going to put motions in and you ain't done nothing. You come down on the day of trial and I'm supposed to take this. . . . I want another lawyer." The court indicated that there would be no change of lawyer on the trial date. In

the opinion of the undersigned, petitioner's rights were not violated. Petitioner provided no valid reason to the court to appoint new counsel. Petitioner's dissatisfaction with the prosecutor's plea offer was an insufficient reason to support a request for new counsel. Moreover, defense counsel is not required to assert frivolous motions on behalf of petitioner. Petitioner has not established that the Michigan Court of Appeals' decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that the prosecutor committed misconduct in eliciting testimony involving petitioner's confession from detective Edwards. Petitioner claims that the prosecutor elicited a partial, editorialized and opinionated version of the confession. The Michigan Court of Appeals rejected this claim stating:

> Defendant claims that Officer Edwards' testimony regarding defendant's custodial statement constituted prosecutorial misconduct. Although defendant presents this as an issue of prosecutorial misconduct, it is, in substance, an evidentiary issue. Because defendant failed to preserve this issue with an objection to the challenged testimony at trial, we review it under the plain error rule of *Carines, supra*.
>
> We find no plain error. A defendant's own statements are not hearsay and are admissible as an admission by a party opponent under MRE 801(d)(2). *People v. Kowalak*, 215 Mich App 554, 556-557; 546 NW2d 681 (1996). Defendant argues, however, that his statement should not have been admitted because it was not really a "formal statement," but rather a police-controlled, editorialized statement that Edwards spliced together from the 3-1/2 hour interrogation that preceded Edwards' production of the written statement. The record does not support defendant's description of the statement that Edwards typed. Although Edwards admitted that the statement was not a verbatim account of the entire interrogation, he also denied that

> it was a "summary." He acknowledged that he generally "controls" the delivery of statements, but denied dictating the contents of statements. Rather, he explained that "controlling" a statement meant that he kept the statement in chronological order and eliminated unimportant matters, such as requests for bathroom breaks.
>
> Defendant argues, in essence, that Edwards' testimony regarding the custodial statement was not admissible because it was not a verbatim account of the entire interrogation, from beginning to end. However, we are not aware of any authority holding that a police officer is restricted to giving verbatim accounts of an entire interrogation from beginning to end. We conclude that any concerns related to the integrity, accuracy and reliability of Edwards' method of taking defendant's statement here pertain to the weight and credibility of Edwards' testimony regarding the statement, not its admissibility. Defense counsel vigorously cross-examined Edwards about the statement and his methods of obtaining it, and gave the jury ample opportunity to decide whether the statement was worthy of credence. Accordingly, we find no plain error.

Petitioner procedurally defaulted this issue and cannot present cause or prejudice to overcome his default. Moreover, petitioner has failed to show prosecutorial misconduct. Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). Petitioner has failed to show

that he was denied a fundamentally fair trial. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner has failed

to establish a denial of his constitutional rights.  Petitioner procedurally defaulted his identification and prosecutorial misconduct claim.   Moreover, those claims fail on the merits.  Petitioner cannot establish that he received ineffective assistance of counsel or that he was entitled to a newly appointed attorney on the morning of trial.  Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   December 6, 2006